LEMMON, Justice,
dissenting from the Denial of the Application for Rehearing.
I dissent from the denial of application for rehearing insofar as the judgment of the district court (reinstated by the decision of this court, 409 So.2d 549) awarded penalties and attorney’s fees for the insurer’s arbitrary refusal to pay the claim.
This case raised a difficult and complex issue on the merits of the claim under the policy. While the trial court granted recovery to the insured, the court of appeal, 398 So.2d 165, unanimously ruled in favor of the insurer, and only four members of this court voted in favor of granting the insured’s application for certiorari. Thereafter, the unanimous judgment of this court in favor of the insured resulted from a persuasive opinion, based on logic and sound legal reasoning, rather than from any precedents in prior opinions.
While I am convinced that we correctly decided the merits of the claim under the policy against the insurer, the award of penalties and attorney’s fees requires a conclusion that the insurer knew or should have known that this would be our final decision and was arbitrary in refusing to anticipate this and to pay the claim without litigation.
*1128 At issue is the insurer’s right to its day in court. Here, the insurer made a reasonable decision to contest the claim. The number of judges who voted in favor of the insurer supports a conclusion that the decision was reasonable. For this court to conclude that the decision was arbitrary is to tell insurers that they cannot make a reasonable decision to assert their right to a day in court, but must correctly anticipate that they will ultimately win the claim in order to avoid being held for penalties and attorney’s fees. Such an approach rewrites the statute which provides for penalties and attorney’s fees only when the insurer’s refusal to pay is arbitrary and unreasonable.